## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**DAVID PITTMAN and KRISTIN PITTMAN,**          **CASE NO.: 2:24-cv-00191**

      Plaintiffs,

v.

**DEANNE B. CRISWELL, Administrator of**
**Federal Emergency Management Agency**
**("FEMA") (official capacity).**

      Defendant.

_____/

## PLAINTIFFS' COMPLAINT

COME NOW the Plaintiffs, DAVID PITTMAN and KRISTIN PITTMAN (hereinafter

Plaintiffs), by and through the attorneys, and for the relief hereinafter requested, sue the FEDERAL

EMERGENCY MANAGEMENT AGENCY and the administrator of FEMA, currently DEANNE

B. CRISWELL, in her official capacity, (hereinafter Defendant) allege as follows:

### JURISDICTION

1.      This action arises under the National Flood Insurance Act, as amended, 82 Stat.

582, 42 U.S.C. Section 4001, et seq., pursuant to the insurance contract issued to the Plaintiffs as

hereinafter more fully appears. This action, having arisen under an applicable federal statute,

namely 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general

federal jurisdiction provisions of 28 U.S.C. Section 1331.

### VENUE

2.      The property made the basis of this action is located at 132 Channel Drive, Naples,

FL 34108 (hereinafter referred to as the "insured property"). The insured property is situated in

the Middle District of Florida, Fort Myers Division, and venue is proper in this Court pursuant to

42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(O).

## PARTIES

3.      The Plaintiffs are the owners of the insured property and have been at all times material to the allegations set forth in the Complaint.

4.      The Defendant is an agency of the Federal Government which has issued a National Flood Insurance Program ("NFIP") policy to cover the insured property. Defendant is qualified to do business in the State of Florida. Further, pursuant to 40 U.S.C. s. 4072, the Administrator of FEMA, currently DEANNE B. CRISWELL, is a proper party Defendant and is being sued in her official capacity.

## FACTUAL ALLEGATIONS

5.      Plaintiffs purchased a flood policy of insurance, Policy No. 87048080162022 (the "Policy"), for the policy period August 25, 2022, through August 25, 2023. Copies of the Flood Policy Declarations issued by NFIP Direct are attached hereto and incorporated herein as **"Exhibit A"**. Plaintiffs are not in possession of a full copy of the Policy, however, same has been requested to be produced by Defendant in discovery and the complete Policy is heretofore incorporated by reference herein.

6.      The Policy issued to the Plaintiffs covered flood damage to the Plaintiffs' dwelling (Building) described under Coverage A and personal property (Contents) under Coverage C.

7.      Plaintiffs paid all premiums on the Policy and the Policy was in full and continuing force and effect at all relevant times herein.

8.      Defendant, NFIP Direct, has assigned Policy No. 87048080162022 and Claim No. 87048080162022 to this loss.

9.      On or about September 28, 2022, rising water caused the inundation by water of the insured property and the surrounding area causing flood waters to enter the residence on the insured property.

10.     As a direct and proximate result of the flooding, Plaintiffs suffered a direct physical loss to their residence and personal property located at 132 Channel Drive, Naples, FL 34108. Defendant partially indemnified Plaintiffs for the damages to the dwelling and contents, but a dispute has arisen over the scope and amount of necessary building damage repairs as well as coverage for the total amount of flood damaged personal property items.

11.     The damage to Plaintiffs' real and personal property was caused by flood and is, therefore, an undisputed covered peril under the Policy.

12.     Plaintiffs made timely application for insurance benefits under the Policy and the claim was inspected and adjusted by or on behalf of Defendant, but Defendant has failed to pay the full benefits due and owing under the Policy for this loss.

13.     All conditions precedent to obtaining payment of said benefits under the Policy from Defendant have been complied with, met, or waived.

## COUNT I
## Breach of Contract

14.     Plaintiffs reallege and incorporate paragraphs one (1) though fourteen (13) as though fully set forth herein.

15.     Defendant has a duty to indemnify the Plaintiffs in the event of a covered cause of loss during the policy period.

16.     Defendant has breached the Policy of insurance by failing to pay the full benefits due and owing under the Policy for a covered cause of loss during the policy period.

17.    Defendant's breach of the Policy of insurance as noted in Paragraph 17 above has proximately caused damage to the Plaintiffs.

18.    Plaintiffs have been damaged by failing to receive the full benefits available under the Policy for the loss.

19.    Plaintiffs are entitled to the full cost of repair of the damage to the property, including but not limited to, repair to the structure, emergency repairs, and all other coverages afforded by the Policy for this loss.

20.    Because of Defendant's refusal to pay the losses sustained by Plaintiffs in full, Plaintiffs have retained the services of the undersigned attorney and are obligated to pay a reasonable fee for their services. Plaintiffs are entitled to attorney's fees, costs and case expenses incurred in filing and prosecuting this action pursuant to the Equal Access to Judgment Act ("EAJA"), 28 U.S.C. § 2412.

21.    Plaintiffs have complied with all conditions required to be performed, and/or have been excused from performance of any conditions by the conduct of DEFENDANT and/or said conditions have otherwise been waived.

**WHEREFORE,** Plaintiffs, DAVID PITTMAN and KRISTIN PITTMAN, demand a judgment against the Defendant for:

a.    All damages to which Plaintiffs are entitled, including all benefits available under the Policy for this loss;

b.    Court costs, case expenses, expert fees and costs, and attorney's fees pursuant to the Equal Access to Judgment Act ("EAJA"), 28 U.S.C. § 2412;

c.    Trial by jury of all issues so triable as a matter of right; and

d.    All further relief that the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March 2024, a true and correct copy of the

foregoing document was electronically filed with the Clerk of Court by using the CM/ECF system

and was sent via electronic mail to all parties registered with the CM/ECF filing system.


Respectfully submitted,

/s/ Jesse N. Bernheim
JESSE N. BERNHEIM, ESQ.
FBN: 525421
BERNHEIM KELLEY BATTISTA, LLC
1212 E. Broward Blvd, 3rd Floor
Fort Lauderdale, FL 33301
Telephone: (954) 866-1111
Facsimile: (954) 252-4532
Counsel for Plaintiffs
Primary e-mail address: JBernheim@realjustice.com
Secondary e-mail addresses:
RRios@RealJustice.com;
PCService3@BKBBLaw.com